**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-00362-RM-KLM

ZACHARY S. BRISCOE,

    Plaintiff,

v.

THE FOUR ONE GROUP, LLC, a Florida limited liability company,

    Defendant.

---

**ORDER**

---

In this diversity action, Plaintiff asserts a single claim under the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-109. Defendant's Motion for Summary Judgment (ECF No. 36) has been fully briefed (ECF Nos. 42, 46) and is ripe for review. The Court grants the Motion for the reasons below.

**I.    LEGAL STANDARD**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

## II.   BACKGROUND

These facts are undisputed. Plaintiff worked for Defendant from August 2017 until July 2019. (ECF No. 49 at 4.) In February 2018, the parties agreed that instead of an annual salary of $120,000, Plaintiff would receive a salary of $65,000 plus commissions, which were contingent on achieving certain net profit margins for various projects. (*Id.*) After exchanging emails regarding Plaintiff's commissions in early 2019, the parties met in person in May 2019, at which point Defendant advised Plaintiff no commissions were due. (*Id.* at 5.) Plaintiff resigned the following month, and his official last day of employment occurred in July 2019. Plaintiff filed this lawsuit in state court in November 2019, and it was removed to this Court in February 2020.

### III. ANALYSIS

In the Complaint, Plaintiff alleges that he sent Defendant a written demand for his earned but unpaid wages and that Defendant "willfully failed to pay [him] earned wages of $45,800.05 for work he performed in 2018" as well as "a currently undetermined amount of additional earned wages for work he performed in 2019." (ECF No. 4, ¶¶ 37, 40, 41.) Defendant argues these allegations are conclusory and unsupported, and that Plaintiff cannot establish a prima facie case that it owes him any earned, vested, and determinable wages or commissions.

Where, as here, the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to him to set forth specific facts showing that there is a genuine issue for trial. *See id.* If he fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

In the Response, notable for its lack of a single citation to any legal authority, Plaintiff appears not to grasp his burden to show the existence of a genuine dispute as to a material fact that would support submitting this case to a jury. Although discovery has closed in this matter, he argues that "sought, repeatedly, and without any success . . . to get answers and information from Defendant about his unpaid commissions compensation." (ECF No. 42 at 2.) The Response goes on to cite snippets of the parties' email correspondence, with no attempt to explain their relevance to any substantive law. From there, the Response then laments emails

that Defendant allegedly never answered, terms that Defendant allegedly did not define, information that Defendant allegedly did not provide to Plaintiff, and evidence and testimony that it did not provide in support of its Motion. With respect to Defendant's data supporting its position that no commissions are due, Plaintiff states that "[h]e has no way of knowing or understanding how any of the figures were computed, or to verify that any of the figures are accurate at all." (*Id.* at 5.) What the Response fails to do, however, is point out any evidence to support *Plaintiff's position* that the contingencies for commissions were satisfied or that Defendant owes him anything. To survive summary judgment, Plaintiff was required to show there is evidence to support his claim. He has not done so.

Defendant's Motion includes a request for attorney fees under Colo. Rev. Stat. §§ 8-4-110 and 13-17-102, each of which provides for a discretionary award. The request is denied. First, this Court's Practice Standards do not permit a motion to contain another motion. *See* Civ. Practice Standard IV.A. Second, Defendant's request does not comply with the requirements of D.C.COLO.LCivR. 54.3. Third, while the Court has noted the lack of legal authority in Plaintiff's Response, the Court does not want to create the impression that Defendant's legal analysis was robust. Defendant's argument on the merits barely exceeds two pages in length, and the single case cited in the argument section is in support of Defendant's request for attorney fees. Although Defendant has prevailed in this matter, that it was able to do so with a modicum of argument and analysis suggests this is not a case where counsel's efforts merit an award of attorney fees.

### IV. CONCLUSION

Accordingly, Defendant is entitled to judgment in its favor on Plaintiff's CWCA claim, and the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 36).  The Clerk is directed to CLOSE this case.

DATED this 3rd day of December, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge